**Romel FERRER, Petitioner–Appellant,**

v.

**Charles GREINER, Respondent–
Appellee,**

No. 01–2734.

United States Court of Appeals,
Second Circuit.

Dec. 16, 2002.

Phillip R. Schatz, Law Office of Phillip
R. Schatz, New York, NY, for Petitioner–
Appellant.

Jane S. Meyers, District Attorney's Office, Brooklyn, NY, for Respondent–Appellee.

F.I. PARKER, STRAUB, and
Honorable B.D. PARKER, Jr., Circuit
Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED
AS PRECEDENTIAL AUTHORITY TO
THIS OR ANY OTHER COURT, BUT
MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER
COURT IN A SUBSEQUENT STAGE
OF THIS CASE, IN A RELATED CASE,
OR IN ANY CASE FOR PURPOSES OF
COLLATERAL ESTOPPEL OR RES
JUDICATA.

At a stated term of the United States
Court of Appeals for the Second Circuit,
held at the United States Courthouse, Foley Square, in the City of New York, on
the 16th day of December, Two Thousand
and Two.

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the decision of said
district court be and it hereby is AFFIRMED.

Petitioner-appellant Romel Ferrer appeals from the order of the United States
District Court for the Eastern District of

New York (Jack B. Weinstein, *Judge*), entered on October 26, 2001, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismissing his case. The district court certified for appeal the limited issue of whether Alphonso Manzo, a "jailhouse informant" to whom Ferrer provided inculpatory statements that were later admitted into evidence at trial, was an agent of the State at the time the statements were made, thereby triggering advisement requirements under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

A hearing pursuant to *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), was held in state court at which Petitioner sought to suppress his incriminating statements as obtained in violation of his Sixth Amendment right to counsel. The evidence presented at this hearing established that Manzo was serving as a jailhouse informant for another case when he and Petitioner initially made contact. Petitioner maintained that Manzo acted in his capacity as an agent of law enforcement when Manzo obtained the incriminating statements from Petitioner and provided them to law enforcement. After making its factual findings based on the evidence presented, the state court disagreed and admitted the statements. These findings are presumptively correct and, as the district court found, Petitioner has failed to rebut this presumption by clear and convincing evidence. *See* 28 U.S.C. 2254(e)(1); *see also Leslie v. Artuz*, 230 F.3d 25, 31 (2d Cir.), *cert. denied*, 531 U.S. 1199, 121 S.Ct. 1206, 149 L.Ed.2d 120 (2001). We agree.

The United States Supreme Court has noted that the "primary concern of the *Massiah* line of decisions is secret interrogation by investigatory techniques that are the equivalent of direct police interrogation." *Kuhlmann v. Wilson*, 477 U.S. 436, 459, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). Thus, to violate *Massiah*, law enforcement must engage in some affirmative act "that was designed deliberately to elicit incriminating remarks." *Id.* Moreover, this Court adheres to the well-established notion that "an informant becomes a government agent for purposes of *Kuhlmann* only when the informant has been instructed by the police to get information *about the particular defendant*." *United States v. Birbal*, 113 F.3d 342, 346 (2d Cir.1997) (emphasis added). There was no evidence presented to suggest that Manzo either elicited incriminating statements from Petitioner or was induced by law enforcement to make or maintain contact with Petitioner for this purpose. Accordingly, we agree with the district court that the state court's factual finding that Manzo was not acting as an agent of law enforcement was not an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Consequently, the district court was correct in concluding that the admission of Manzo's testimony at Petitioner's trial did not violate his Sixth Amendment right to counsel.

For the reasons stated above, the judgment of the district court denying the petition and dismissing Petitioner's case is AFFIRMED.